UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROLAND HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-3155 RLW |
| | ) |
| CITY OF ST. LOUIS, MO, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Roland Hill for leave to commence this civil action without prepayment of the required filing fee. (ECF No. 2). Having reviewed the financial information provided on plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, the Court finds the motion should be granted. For the reasons explained below, the Court will dismiss plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I. Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at

679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating a court must accept factual allegations in the complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented person's complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs' complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented plaintiff's complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## II. The Complaint

On November 25, 2019, self-represented plaintiff Roland Hill filed this civil suit pursuant to 42 U.S.C. § 1983 for alleged violations of his constitution rights. Plaintiff names the following defendants: (1) the City of St. Louis, MO ("the City") in its individual and official capacity; (2) Lyda Krewson, Mayor of the City of St. Louis, in her official capacity; (3) Santon Smith, building

2

inspector for the City, in his official capacity; (4) Erika Zaza, Associate City Counselor, in her official capacity; (5) Gregory Daly, Collector of Revenue for the City, in his official capacity; (6) Vernon Betts, Sheriff for the City, in his official capacity; (7) the State of Missouri; and (8) As-Yet-Unknown Officers from the City Counselor's Office, Health Department, Municipal Court Division, Forestry Division, Building Division, Refuse Division, Water Division, and Parking Violations Bureau in their individual and official capacities. Plaintiff seeks compensatory and punitive damages and a permanent injunction.

Plaintiff alleges the City "began targeting [him] for selective prosecution and punitive harassment" by issuing him multiple "unreasonable and unfounded housing violation notices" on properties he owned in the City after he "defeated red light camera tickets in St. Louis City Circuit Court and published an electronic book" in 2010 titled, "RED LIGHT PHOTO TICKETS: They rob you without a gun." (Docket No. 1 at 4-6). Plaintiff alleges he owns three properties in the City located at 2500 N. Euclid, 4905 Maffitt Place, and 4926 Maffitt Place. Plaintiff alleges he received "violation citations for conditions that did not exist," including notices for "high grass and weeds" and "dead animal remains." *Id.* at 8. Plaintiff also alleges the City vandalized his property and tore off siding so it could issue him additional violations. Plaintiff states he filed an action for injunctive relief in state court to stop the retaliatory actions, but the case was dismissed.

Plaintiff further alleges the City "fraudulently manipulated the accounting on [his] water bill to make it appear his balance had not been paid," sent him "bogus parking ticket[s]," and unfairly increased his tax bills by applying a special business district tax. *Id.* at 10-11, 13. Plaintiff alleges in 2019 he agreed to put 2500 N. Euclid up for a Sheriff's Sale in lieu of paying past due taxes, but the City intentionally delayed the sale so it could continue to cite him with "additional violations, fines, grass cutting fees, and . . . property taxes." *Id.* at 14, 17-18.

3

Plaintiff brings fourteen counts pursuant to 42 U.S.C. § 1983 alleging constitutional violations as follows: (1) Count I - First Amendment claims against the City and the State of Missouri; (2) Count II - Due Process claims against the City, Santon Smith, and Erika Zaza; (3) Count III - Fourth Amendment claims against the City; (4) Count IV - Sixth Amendment claims against the City; (5) Count V - Denial of Access to Judicial Process claims against the City and Santon Smith; (6) Count VI - Fifth Amendment Double Jeopardy claims against the City, Erika Zaza, and Santon Smith; (7) Count VII - Eighth Amendment Excessive Fines claims against the City, Erika Zaza, and Santon Smith; (8) Count VIII - Equal Protection claims against the City and the State of Missouri; (9) Count IX - 42 U.S.C. § 1985(3) Conspiracy to Deprive Constitutional Rights claims against the City, Erika Zaza, Santon Smith, and Others Yet-Unknown; (10) Count X: good faith and fair dealing claims against the City; (11) Count XI - malicious prosecution claims against the City, Erika Zaza, and Santon Smith; (12) Count XII - wrongful foreclosure claims against the City; (13) Count XIII - intentional infliction of emotional distress claims against the City, Erika Zaza, Santon Smith, and Others Yet-Unknown; and (14) Count XIV - Missouri Constitutional Violation claims.

## III. Discussion

### A. Defendants Lyda Krewson, Gregory Daly, Vernon Betts, and As-Yet Unknown Officers

Plaintiff's claims against Lyda Krewson, Gregory Daly, Vernon Betts, and As-Yet Unknown Officers must be dismissed for failure to state a claim. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of self-represented plaintiff's complaint against defendants who were merely listed as defendants in the complaint, but there were no allegations of constitutional

4

harm against them); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

In the instant action, other than listing them in the caption and describing their job titles, plaintiff has not set forth any facts indicating that defendants Lyda Krewson, Gregory Daly, Vernon Betts, or As-Yet Unknown Officers[1] were directly involved in or personally responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim as to these defendants and they will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## B. Defendant State of Missouri

Plaintiff's claims against the State of Missouri must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (a "State is not a person

---

[1] In his complaint, plaintiff states the "As-Yet Unkown Officers" are from the City of St. Louis' Counselor's Office, Health Department, Municipal Court Division, Forestry Division, Building Division, Refuse Division, Water Division, and Parking Violations Bureau in their individual and official capacities." (Docket No. 1 at 3). To the extent plaintiff's claims are against the departments, such claims are legally frivolous and must be dismissed because they are not a suable entities. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); *Catlett v. Jefferson County*, 299 F.Supp.2d 967, 968-69 (E.D.Mo. Jan. 28, 2004) (same).

under § 1983"); *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) ( "a state is not a person for purposes of a claim for money damages under § 1983").

Additionally, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on a nonconsenting State from lawsuits brought in federal court by a State's own citizens or the citizens of another State. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 2018 WL 2070564, at *1 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a State waives its immunity to suit in federal court. *Id.* at 65. A State will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987).

6

Neither exception applies in this case. First, there is no congressional abrogation of Eleventh Amendment immunity. Plaintiff brings this action pursuant to § 1983. However, the United States Supreme Court has determined that 42 U.S.C. § 1983 does not revoke the States' Eleventh Amendment immunity from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). Second, the State of Missouri has not consented to the suit. Specifically, the State's statutory waiver of immunity does not include the type of claims made by plaintiff in this case. *See* Mo. Rev. Stat. § 537.600.

Thus, because a state is not a "person" for the purposes of § 1983 and a suit against the state is barred by the Eleventh Amendment, plaintiff's claim against the State of Missouri will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### C. Defendant Erika Zaza

Plaintiff's claims against defendant Erika Zaza must be dismissed for failure to state a claim. Defendant Zaza is the Associate City Counselor for the City. Plaintiff alleges she filed several cases in state court against him for the purpose of collecting past due excessive fines and taxes. (ECF No. 1 at 16, 25, 32). Plaintiff alleges those cases resulted in approximately $2400 in judgments. Plaintiff alleges he did not receive notices about those filed cases despite defendant Zaza's representation that court documents were mailed to him. *Id.* at 25-26. Plaintiff also "suspects that the Court actions filed on March 27, 2018 by Erika Zaza were . . . barred by res judicata and double jeopardy." *Id.* at 31. Plaintiff alleges defendant Zaza conspired with the City

7

to deprive him of his constitutional rights and engaged in malicious prosecution. *Id.* at 40-45. Plaintiff only seeks monetary damages against defendant Zaza.

The doctrine to prosecutorial immunity bars plaintiff's claims against defendant Zaza because it is well established that prosecutors have absolute immunity from claims for damages for acts performed within their official authority. *See Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987). "Prosecutors are protected by absolute immunity from civil liability under § 1983 for prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268-71 (1993); *see also Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("The acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government.").

Prosecutorial immunity also applies to officials who perform prosecutorial functions such as initiating administrative or quasi-criminal proceedings. *See, e.g., Butz v. Economou*, 438 U.S. 478, 515 (1978); *see also Smith v. Power*, 346 F.3d 740 (7th Cir. 2003) (assistant city attorney who initiated proceedings to demolish a building under the city building code is entitled to prosecutorial immunity). When an attorney is absolutely immune from liability for prosecuting an individual, that attorney cannot be held liable for conspiring to violate that individual's constitutional rights. *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 579-80 (8th Cir. 2006).

There is no question that defendant Zaza's filing of charges against plaintiff to recover past due fines and taxes owed to the City was an action intimately associated with the judicial process. All of defendant Zaza's acts complained of by plaintiff were prosecutorial functions and therefore are protected under absolute immunity. Plaintiff's "[a]llegations of improper motive in the performance of prosecutorial functions will not defeat immunity." *Powers v. City of Ferguson*,

229 F. Supp. 3d 894, 899 (E.D. Mo. Jan. 17, 2017). Moreover, "[p]ublic policy dictates that prosecutors be immune from common-law suits for malicious prosecution." *Jackson v. Tyson*, 2008 WL 5377877, at *4 (E.D. Mo. Dec. 19, 2008) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 422 (1976)). Without absolute immunity, the threat of civil rights suits would undermine the performance of a prosecutor's duties. *Id.*

Plaintiff's conclusory and unsubstantiated allegations of defendant Zaza's prosecutorial misconduct and civil rights violations are insufficient to overcome her absolute immunity from claims intimately associated with the judicial process of collecting past due fines and taxes owed to the City. Thus, plaintiff's claims against defendant Erika Zaza will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### D. Defendant City of St. Louis, MO

Plaintiff's claims against defendant City must be dismissed for failure to state a claim. A local governing body can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can assert the liability of defendant City.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis City.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar

10

constitutional violations by untrained employees." *S.M. v. Lincoln City.*, 874 F.3d 581, 585 (8th Cir. 2017).

Here, plaintiff has failed to establish the liability of the defendant City. Plaintiff has not alleged any facts that the City has an unconstitutional policy or custom, or that it has been deliberately indifferent in its failure to train or supervise its employees. The only reference plaintiff makes to an alleged unconstitutional policy is his conclusory statement that the City "used the judicial process to inconvenience and wear [him] down . . . by requesting multiple continuance[s.]" (Docket No. 1 at 44). The Court cannot find that the City's use of the judicial process to collect past due fines and taxes or the request for an unalleged number of continuances in court are unconstitutional policies or customs that deprived plaintiff of his constitutional rights.

To the extent plaintiff argues the defendant City's adherence to Missouri's unauthorized practice of law statute, Mo. Rev. Stat. § 484.020(1), is an unconstitutional policy or custom also fails. Plaintiff seems to allege § 484.020(1), which prevents individuals from engaging in the practice of law without a license, is an unconstitutional policy that prevented his "friend who had a BA and MS in criminal justice" from representing him in a hearing. (Docket No. 1 at 19). This argument does not state a claim under *Monell* because the unauthorized practice of law statute is not a local ordinance or rule established by a local governing body. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690-91. Mo. Rev. Stat. § 484.020(1) is a state statute, not a local policy, practice, or custom. Additionally, the City's prohibition of a non-attorney to represent an individual in court is not a violation of a constitutional right. *See Gardner v. Howard*, 109 F.3d 427, 430–31 (8th Cir.1997)

(explaining liability attaches for the violation of a "constitutional right," regardless of any violation of "policy").

Thus, plaintiff's claim against the City will be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### E. Defendant Stanton Smith

Plaintiff's claims against defendant Stanton Smith must be dismissed for failure to state a claim. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also* Brewington v. Keener, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 (stating a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Defendant Santon Smith is alleged to be employed by the City of St. Louis as its Building Inspector. Thus, plaintiff's official capacity claims against defendant Smith is actually a claim against the City itself. As discussed above, plaintiff has failed to state a municipal liability claim against the defendant City. Therefore, plaintiff's official capacity claims against defendant Smith must also be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim and/or because it is legally frivolous subject to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of April, 2020.

                                                  **RONNIE L. WHITE**
                                                  **UNITED STATES DISTRICT JUDGE**